IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| THERESA N. DAVIS,[1] | § | |
| | § | |
| Petitioner Below, | § | No. 451, 2016 |
| Appellant, | § | |
| | § | Court Below—Family Court |
| v. | § | of the State of Delaware |
| | § | in and for New Castle County |
| STATE OF DELAWARE, | § | |
| | § | Case No. 0212012265 |
| Respondent Below, | § | |
| Appellee. | § | |

Submitted: July 14, 2017
Decided: August 9, 2017

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## **ORDER**

This 9th day of August 2017, upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1)   In May 2016, the appellant, Theresa N. Davis, petitioned the Family Court to expunge from her adult criminal record two 2002 charges for Endangering the Welfare of a Child and one 2005 charge for Offensive Touching. The State had entered a *nolle prosequi* on the Endangering the Welfare of Child charges and dismissed the Offensive Touching charge. In support of her petition, Davis stated the charges were hindering her employment in the criminal justice field. The State

---

[1] The Court previously assigned pseudonyms to the appellant under Supreme Court Rule 7(d).

opposed the petition because Davis had a subsequent criminal record (a Disorderly Conduct conviction in 2007 that was pardoned and a Hindering Prosecution charge in 2007 that the State entered a *nolle prosequi* for) and there was a concerning pattern of behavior.

(2) In an order dated June 23, 2016, the Family Court denied the petition. The Family Court found there was a subsequent criminal history and that Davis had provided insufficient detail of the manifest injustice she was suffering due to the existence of her criminal record. This appeal followed. On appeal, Davis argues she is entitled to expungement because: (i) she has a passion for children as reflected in her previous work experience; (ii) she has applied for jobs dealing with children and believes her criminal record would be frowned upon; and (iii) she has attempted to pursue her interest in criminal justice by applying for various jobs, including in juvenile probation and the detention center, but her criminal record does not look good.

(3) Expungement of police and court records in an adult criminal case can be mandatory or discretionary under 10 *Del. C.* § 1025. Davis' charges were not eligible for mandatory expungement.[2] When considering a petition for discretionary expungement, the Family Court may grant relief only if it finds "that the continued

---

[2] 10 *Del. C.* § 1025(d)(2) (providing mandatory expungement is not applicable to records in cases where the person was charged with Offensive Touching or Endangering the Welfare of a Child).

2

existence and possible dissemination of information relating the arrest of the petitioner causes, or may cause, circumstances which constitute a manifest injustice to the petitioner."[3]  The burden is on the petitioner to allege specific facts in support of her allegation of manifest injustice and to prove manifest injustice by a preponderance of the evidence.[4]

(4)  Having carefully considered the parties' positions on appeal and the Family Court record, the Court concludes that the Family Court did not err in denying Davis' petition for expungement.  Davis was not eligible for mandatory expungement and failed to meet her burden of alleging specific facts in support of her allegation of manifest injustice for discretionary expungement.  In her petition for expungement, Davis stated the charges were hindering her employment in the criminal justice field, but failed to allege any specific facts supporting that statement. Although Davis alleges specific facts in support of her allegation of manifest injustice on appeal, we decline to consider facts that were not presented to the Family Court in the first instance.[5]

---

[3] 10 *Del. C.* § 1025(e)(2).
[4] *Id.*
[5] Del. Supr. Ct. R. 8.  *See also Wright v. State*, 2011 WL 4060694, at *1 (Del. Sept. 13, 2011) (declining to consider facts in support of expungement that were raised in the opening brief, but not presented to the Family Court in the first instance).

NOW, THEREFORE, IT IS ORDERED, that the Family Court's judgment is

AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice